FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUN 11 2021   ★

LONG ISLAND OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Eileen Klett

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

Stantec Consulting Services, Inc.

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for Employment Discrimination**

Case No. CV-21 3294
*(to be filled in by the Clerk's Office)*

CHEN, J.

Jury Trial:  ☑ Yes  ☐ No
*(check one)*

TOMLINSON, M.J.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Eileen Klett |
| Street Address | 491 8th Street |
| City and County | Bohemia, Suffolk County |
| State and Zip Code | New York 11716 |
| Telephone Number | 631-790-2469 |
| E-mail Address | eek70007@yahoo.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Stantec Consulting Services, Inc. |
| Job or Title (if known) | Stantec Corporate Headquarters: |
| Street Address | 400-10220-103 Ave NW |
| City and County | |
| State and Zip Code | Edmonton AB T5J 0K4 Canada |
| Telephone Number | Ph: (780) 917-7000 |
| E-mail Address (if known) | |

To Serve Summons to Stantec:

Corporation Service Company

80 State Street

Albany, Albany County

Albany, NY 12207

518-433-4741

State and Zip Code _____

Telephone Number _____

E-mail Address _____
(if known)

C. **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

|  | | Current Address: |
|---|---|---|
| Name | Stantec Consulting Services, Inc. | |
| Street Address | 135 Engineers Road, Suite 200 | 100 Motor Parkway, Suite 420 |
| City and County | Hauppauge, Suffolk County | Hauppauge, Suffolk County |
| State and Zip Code | New York 11788 | New York 11758 |
| Telephone Number | 631-424-8600 | 631-424-8600 |

II. **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*: _____

☐ Relevant state law *(specify, if known)*: _____

☐ Relevant city or county law *(specify, if known)*: _____

III. **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me.
☑ Termination of my employment.
☑ Failure to promote me.
☐ Failure to accommodate my disability.
☑ Unequal terms and conditions of my employment.
☐ Retaliation.
☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s) Beginning May 2015 through October 31, 2020

4

C. I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☑ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☑ age. My year of birth is 1955 Age 66. *(Give your year of birth only if you are asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)* _____

E. The facts of my case are as follows. Attach additional pages if needed.

There was an ongoing pattern of discrimination towards older employees in the Stantec Hauppauge office beginning in May of 2015 when Michael Harris was promoted to lead the group of Stantec offices which included Hauppauge, Albany, Rochester and Binghamton. Mr. Harris felt older employees were reluctant to learn and use new technology and they wanted to continue to do things "the way we have always done it". See attached pages

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV. **Exhaustion of Federal Administrative Remedies**

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

March 4, 2021

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)*
March 18, 2020

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☑ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

V. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I ask the court to order $195,00 in damages to compensate for the three years I had intended to continue to work up to retirement.

I ask the court to order $50,000 in punitive damages for the humiliation and continual disrespect I received, plus any and all monies the court deems just and proper to compensate for emotional damage.

Immediately upon taking over, Mr. Harris changed the supervisors of many employees in the Hauppauge office. He named people in the Albany office to be their supervisors. This included naming Chris Giovannetti as the supervisor of the Document Control/Project Control/Admin team. The rationale for her being our supervisor was that she was the right person to "guide us in our careers" as stated by Mr. Harris. The team in Hauppauge included me (over age 60) as the Document Control Coordinator, Christina Dimitropoulos (younger than 45 years of age) as the Project Controls Coordinator, and Eileen Bovenzi (over age 60) as the Administrative Specialist. The three of us had our own very distinct roles and clear-cut responsibilities. The DC/PC employees in the other offices had more of an overlap of duties, with members of the team doing both Document Control and Project Control tasks.

Initially, Ms. Giovannetti stated she wanted the Hauppauge office to function like the other offices and that the three of us in Hauppauge should be cross trained. This would require being trained on Stantec's network, programs and systems. No training was ever scheduled. Ms. Giovannetti also stated she wanted the offices to share work with each other as technology was making it possible to send work interoffice electronically. Only a miniscule amount of work was ever shared with Eileen Bovenzi or me.

On March 15, 2016, a Document Control/Project Control position was posted for the Albany office. None of this work was offered to Eileen Bovenzi or me. Younger employees were hired and trained to work on the DC/PC team in Albany.

On October 28, 2016, in my yearly review, Ms. Giovannetti wrote that the Hauppauge office "needs to assess how previous procedures and "that is how it has always been done" are impairing becoming more efficient."

In April 2019 Ms. Giovannetti encouraged Christina Dimitropoulos, Hauppauge's Project Control Coordinator, to accept a position in Stantec's New York City office. This removed her completely from our team and the group of offices under Mr. Harris' leadership.

On April 9, 2019, I sent an email to Ms. Giovannetti asking if there were any of Christina's tasks that I could help with or take over completely. Her response was that she would consider what could be transitioned to me. However, no new responsibilities were assigned to me or Eileen Bovenzi. No training was offered to us.

A young woman, Anna L, approximately 25 years old, was hired to replace Christina as Project Controls Coordinator. This young woman also performed Document Control responsibilities when I was not in the office.

Older employees in the Hauppauge were either blatantly fired or treated in such a way as to compel them to resign of their own accord. Promotions went to younger, unlicensed architects and engineers rather than older, licensed employees. Hauppauge Project Managers were asked if they felt it was necessary to keep both Eileen Bovenzi and me on staff.

In 2015 a senior architect, long time employee over the age of 50 was placed on reduced hours.

In June of 2017, the head of the Mechanical Engineering Department, a long time employee over 50 years of age, was fired. He was given no reason for his termination. He made several attempts to contact Stantec's corporate headquarters, however, no one would make themselves available to speak to him or return his calls. Eventually, he gave up trying to speak to anyone in corporate.

In 2017 Eileen Bovenzi was placed on reduced hours. No other members of the DC/PC team had their hours reduced at this time. Eileen was reinstated to full time after approximately six months when C. Dimitropoulos put pressure on Ms. Giovannetti and Mr. Harris to bring her back because Eileen's workload was falling on her and she was overburden.

In 2017 a young mechanical engineer (younger than 45 years old) was accommodated by allowing him to work from a Stantec office in Florida. He was given the majority of the mechanical pharmaceutical project work while the older (59 years of age) mechanical engineer was loaned out to another company due to lack of work.

In 2017 the senior electrical engineer, also a long-time employee over the age of 60, was placed on reduced hours. In 2019, when a young electrical engineer (under the age of 45) wanted to take a position with another company, he was offered more money to stay with Stantec. When the first offer did not convince him, a second counteroffer was made which convinced him to stay.

In March of 2019 a senior licensed architect, project manager, and thirty-year employee, over 50 years of age, was fired for issuing drawings to a client to meet a deadline. These were not final drawings or construction drawings. Common practice in the Hauppauge office over the course of this architect's career was to issue drawings to meet a deadline and if subsequent changes needed to be made, an addendum would be issued on a later date. However, Mr. Harris accused him of skipping the QC check before issuing the drawings and fired him for this reason.

A senior engineer with over twenty years of experience told Mr. Harris that he was having difficulty getting information from Ms. Giovannetti pertaining to the project he was working on. Ms. Giovannetti, who is not an architect or engineer, was the project manager for the project. Mr. Harris told the engineer that he had heard he needed to be "spoon fed" his information.

Office culture meetings were held on a regular basis in 2019 exclusively for younger employees in order to address any issues causing them to be unhappy in the workplace. None of the older employees were invited to these meetings nor were we informed that such meetings were taking place. We became aware of these meetings when most of the cubicles in the office were empty and the conference room door was closed.

The H.R. representative visited the Hauppauge office in 2019 to make a presentation regarding the different generations working together. The focus of the presentation was that older employees should respect millennials and hold them in high regard in the workplace. There was no content about the value of older, experienced employees. I brought this to the attention of Ms. Giovannetti. Her response was that this was interesting feedback that she would pass on to Mr. Harris.

On August 26, 2019, a new employee, Candacee Blanco (under the age of 40), was added to the Document Control/Project Control team in the Hauppauge office.

On August 27, Ms. Giovannetti came to the Hauppauge office to work with Ms. Blanco.

On August 27, 2019, a dinner took place to welcome Ms. Blanco. This dinner was attended predominantly by the millennial employees. Eileen Bovenzi and I were ostracized, humiliated and disrespected by being excluded from this welcome dinner for the most recent addition, not just to the

office, but to our specific DC/PC team. When I later asked Ms. Giovannetti why I was not invited to the dinner, she denied that it was a welcome dinner for Candacee. She said she had told the young architects to invite some co-workers to have dinner with her because she was visiting the office. That was not truthful. Ms. Giovannetti invited certain employees and it was indeed a welcome dinner for Candacee Blanco.

On August 28, 2019, Eileen Bovenzi was informed that her job was being reduced to twenty hours per week. The rationale for this change was that there was a need to cut down on Admin expenses. However, Anna L. continued to charge overtime to Admin. Kim Trost, an employee in the Binghamton office, (younger than 45 years of age) had her title changed from Admin to Document Control to give the appearance of fewer Admin employees.

On October 1, 2019, Candacee Blanco and Anna L. went to Albany for training along with younger DC/PC team members from Rochester and Binghamton. Eileen Bovenzi and I were not included in training.

Candacee Blanco worked on proposals and construction notices previously worked on by Eileen Bovenzi.

On April 1, 2020, Eileen Bovenzi was put on a six-month furlough. No younger members of the DC/PC team were furloughed at this time. Her tasks were subsequently performed by Anna L. and Candacee Blanco.

After more than 20 years of employment with Stantec, on October 1, 2020, Eileen Bovenzi was terminated.

I was invited to a training seminar that was scheduled for Thursday, April 30, 2020.

On Wednesday, April 29, 2020, Ms. Giovannetti postponed the training.

On Friday, May 1, 2020, I received a call from Ms. Giovannetti to inform me that I was being furloughed as of Monday, May 4. No younger members of the Document Control/Project Control team were furloughed at this time. My tasks were passed on to the younger members of the DC/PC team.

On October 30, 2020, I received a phone call from Ms. Giovanetti saying that my six-month furlough was ended and I was going to a layoff. She assured me I would be called back to work when things picked up. However, the letter I received from H.R. saying I was terminated as of November 2, 2020.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 6-11, 2021.

Signature of Plaintiff   *Eileen E. Klett*
Printed Name of Plaintiff   Eileen E. Klett

7

Perry.Canales@eeoc.gov

EEOC Form 161 (11/2020)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Eileen E. Klett<br>491 8th Street<br>Bohemia, NY 11716 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2021-00911 | **Perry Canales,** Investigator | **(929) 506-5318** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Perry A, Canales *(digitally signed 2021.03.11 08:47:34 -05'00')*   For   **3/11/2021**

Enclosures(s)       Judy A. Keenan, District Director        *(Date Issued)*

cc:

STANTEC
100 Motor Parkway
Suite 420
Hauppauge, NY 11788

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Fl
New York, N.Y. 10004

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

NEW YORK NY 100
17 MAR 2021 PM 6 L

Eileen Klett
491 8th Street
Bohemia, NY 11716