UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
EILEEN KLETT,

                         Plaintiff,                                 **MEMORANDUM & ORDER**
        - against -                                  21-CV-3294 (PKC) (AKT)

STANTEC CONSULTING SERVICES,
INC.,

                        Defendant.
----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Eileen Klett brings this *pro se* action asserting claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*, against her former employer, Stantec Consulting Services, Inc. (*See* Complaint, Dkt. 1.) Before the Court is Plaintiff's request to proceed *in forma pauperis* ("IFP"). (Motion for Leave to Proceed In Forma Pauperis ("IFP Appl."), Dkt. 2.) For the reasons below, the Court denies Plaintiff's IFP application.

      "Under 28 U.S.C. § 1914(a), the base filing fee to commence a civil action is $350." *Richards v. Allied Universal Sec.*, No. 19-CV-2043 (PKC) (RML), 2019 WL 1748599, at *1 (E.D.N.Y. Apr. 18, 2019). "Section 1914(b) provides that the Clerk of Court shall collect additional fees as prescribed by the Judicial Conference of the United States, which currently imposes an additional $50 administrative fee." *Id.* (citing 28 U.S.C. § 1914(b)). "Thus, the total fee to commence a civil action is $400." *Id.* "The Court may waive this filing fee, *i.e.*, grant *in forma pauperis* status, upon finding that a plaintiff is indigent." *Id.* (citing 28 U.S.C. § 1915(a)(1)). "The question of whether a plaintiff qualifies for *in forma pauperis* status is within the discretion of the Court." *Id.* (citing *DiGianni v. Pearson Educ.*, No. 10-CV-206 (RJD) (LB), 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010)). Section 1915(e)(2)(A) directs a court to dismiss a case

1

if at any time the court determines that "the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

The Court has reviewed Plaintiff's application to proceed IFP to determine whether she is eligible to proceed without paying the filing fee. Her application indicates that she is unemployed and receives $804 per week in state and federal unemployment insurance. (IFP Appl., Dkt. 2, at ECF[1] 1.) Plaintiff also has $15,000 in a checking or savings account, $122,000 in stocks and annuities, and $110,000 in a 401K account. (*Id.* at ECF 2.) Plaintiff's household monthly expenses total $3,732.11; she has $2,410 in credit card debt; and she provides some financial support to her daughters and daughter-in-law. (*Id.*) The Court finds that Plaintiff's application does not support a showing of indigency. The Court thus declines to grant Plaintiff IFP status.

To proceed with this action, Plaintiff must pay $400 to the Clerk of Court of the Eastern District of New York within 14 days from the date of this Order. If Plaintiff fails to do so, this action shall be dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                                      PAMELA K. CHEN
                                                     United States District Judge

Dated: June 25, 2021
Brooklyn, New York

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.